UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.:

| | |
|---|---|
| JONIAN BEQO & BESIANA BEQO | ) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) |
| | ) |
| ALITALIA-COMPAGNIA AEREA ITALIANA S.p.A. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Complaint for Damages**

**PARTIES**

1.    Plaintiff, Jonian Beqo, is an individual, a citizen of the United States and at all times material to the within complaint a resident of the Commonwealth of Massachusetts and the County of Essex.

2.    Plaintiff, Besiana Beqo, is an individual, a citizen of the United States and at all times material to the within complaint a resident of the Commonwealth of Massachusetts and the County of Essex and the spouse of Plaintiff, Jonian Beqo.

3.    Alitalia - Compagnia Aerea Italiana S.p.A. (hereinafter "Alitalia") is a foreign corporation domiciled in and existing under and by virtue of the laws of Italy with its principal place of business in Fiumicino, Rome, Italy.

**JURISDICTION AND VENUE**

4.    The court has subject matter jurisdiction in that there is complete diversity of citizenship based on 28 U.S.C. § 1332. This is a civil action between citizens who are residents of different or foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    Jurisdiction in this matter also exists under 28 U.S.C. § 1331 under federal question in that the rights and obligations of the parties are governed by a Federal Treaty, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, 49 Stat.

3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105, commonly known as "THE WARSAW CONVENTION" and/or in the alternative under The Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, commonly known as "THE MONTREAL CONVENTION".

6. Plaintiffs are informed and believe and on that basis allege that Alitalia does sufficient business in the Commonwealth of Massachusetts and in the District of Massachusetts for this court to exercise personal jurisdiction over it, such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

7. Jurisdiction lies in this court based on MONTREAL CONVENTION Article 33 (2) in that THE MONTREAL CONVENTION confers national jurisdiction on the federal courts of the United States since Plaintiff is a citizen of the United States and a resident of Essex County within the District of Massachusetts therefore making the venue proper in this District Court.

8. Plaintiff is informed and believes that Alitalia operates commercial flights within, to and/or from the United States and/or maintain offices in the United States, thereby fully satisfying Article 33 (2) of THE MONTREAL CONVENTION.

9. Venue is proper pursuant to 28 U.S.C. § 1391 (c) because Alitalia is subject to personal jurisdiction in this judicial district for the reasons set forth. Venue in this court may also be proper under 28 U.S.C. § 1391 (d), because Alitalia is an alien.

**GENERAL ALLEGATIONS**

10. At all times herein mentioned, Alitalia was, and now is, a common air carrier of passengers for hire on regular schedules, over definite designated routes, including the routes that were to be traveled by Plaintiffs, as hereinafter alleged, soliciting the patronage of the traveling public, and advertising schedules for routes, times of departure and arrival, and rates of fare and other travel related services.

11. On or about March 4, 2015, Plaintiffs were traveling as a fare paying passengers on Alitalia, Flight 615 from Boston, Massachusetts, to Rome, Italy with an ultimate destination of Tirana, Albania.

12. By the reason of the abovementioned premises the Plaintiffs, were involved in "International Transportation" within the meaning of Article 1 (2) of THE MONTREAL CONVENTION and/or within the meaning Article 1 (2) of the WARSAW CONVENTION.

## COUNT I

13. During the flight leg from Boston to Rome, the Plaintiff, Jonian Beqo, was seriously injured when articles from the overheard compartments stuck him in the head due to a rapid acceleration from a missed approach to the Rome (Fiumicino) Airport .

14. As a result thereof, the Plaintiff, Jonian Beqo, suffered serious injuries to his person including a closed head injury with post concussion syndrome, neck and back injuries, and loss of vision, as well as physical and mental anguish flowing from the physical injuries.

15. Further, at all times relevant thereto, and as to the Plaintiff, Jonain Beqo, the conduct of Alitalia, and Alitalia's flight crew was unusual, unexpected, abnormal and external to him and not associated with the normal operation of the aircraft. This conduct constituted the proximate legal cause of the Plaintiff's injuries.

16. By reason of the above premises, these actions thus constitute an Article 17 "Accident" pursuant to THE MONTREAL CONVENTION and/or the WARSAW CONVENTION.

17. As a direct legal and proximate result thereof the Plaintiff, Jonian Beqo, suffered and sustained serious injuries, all to his general damage in excess of $75,000.00 to be shown at trial, and to his special damage for medical and related expenses, and impairment of earning capacity, to be inserted by amendment when the above are financially determined.

**WHEREFORE,** Plaintiff, JONIAN BEQO prays judgment against Defendant, ALITALIA-COMPAGNIA AEREA ITALIANA S.p.A., as follows:

1. General damages for physical injury;
2. Special damages according to proof;
3. Costs of suit;
4. For attorneys' fees, if and as permitted by of law;

5. For pre-judgment interest, if and to the extent such are allowed by law;

6. For such other and further relief as the court may deem proper; and

7. For an early adjudication of the court that Defendant Alitalia-Compagnia Aerea Italiana, S.p.A. owe and must pay to Plaintiff the sum of 113,100 SDR (special drawing rights), with leave to Plaintiff to prove and collect additional damages pursuant to Article 21 of THE MONTREAL CONVENTION.

### COUNT II
### LOSS OF CONSORTIUM

18. The Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 17 above.

19. As a result of the injuries sustained by the Plaintiff, Jonian Beqo, the Plaintiff's wife, Besiana Beqo, was compelled to care for her husband and attend to household duties normally performed by him. Further, during the continued period of her husband's disability, Besiana Beqo, was without the services, society, companionship and consortium of her husband.

20. The damages suffered by Besiana Beqo were a direct and proximate result of the negligence and carelessness of the Defendants and breach of duty owed to her and/or an "Accident" as defined under Article 17 of the Montreal Convention.

**WHEREFORE,** Plaintiff, BESIANA BEQO prays judgment against Defendant, ALITALIA-COMPAGNIA AEREA ITALIANA S.p.A., as follows:

1. General damages for physical injury;

2. Special damages according to proof;

3. Costs of suit;

4. For attorneys' fees, if and as permitted by of law;

5. For pre-judgment interest, if and to the extent such are allowed by law;

6. For such other and further relief as the court may deem proper; and

7. For an early adjudication of the court that Defendant Alitalia-Compagnia Aerea Italiana

4

S.p.A. owe and must pay to Plaintiff the sum of 113,100 SDR (special drawing rights), with leave to Plaintiff to prove and collect additional damages pursuant to Article 21 of THE MONTREAL CONVENTION.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial in this matter.

Respectfully submitted,<br>
The Plaintiffs<br>
By Their Attorneys

Dated: November 18, 2015              _____*/s/ Louis J. Muggeo*_____
Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA 01970
(978) 741-1177
BBO #359220
lmuggeo@ljmassoc.com